Ham., Judge.
 

 In this case, it is objected to the Plaintiff’s recovery, that he did not give to the guarantors early notice, that he looked to them for payment; and the case, of
 
 McIver
 
 v.
 
 Richardson,
 
 ( 1
 
 Maule
 
 &
 
 Selwyn, 557)
 
 is relied upon. In that rase,
 
 Lord Ellenhorough
 
 says there was only an offer to guaranty, not a complete guarantee, and on that ground the case was decided. But in this case the guarantee is complete, and the parties so contemplated it, for it, was their understanding of it, that
 
 Bnrgess
 
 should procure the goods upon it before he returned, and in fact he did. so.
 

 But the Defendant and
 
 Muse,
 
 had notice that their guarantee was relied upon for payment; and this is evidenced from
 
 Knox’s
 
 letter. At what time the notice was received, does not appear. But if’the Defendant thought it important, .he had it in his power to show' it, by producing tl^c letter. This he has not thought proper to do. Besides
 
 Burgess
 
 and
 
 Jordan
 
 resided in Elizabetli City, where, or near to which, it may be inferred that the Defendant and
 
 Muse
 
 also lived. For
 
 Knox’s
 
 letter bears date at that place, and it appears from that letter, that
 
 Knox
 
 had a knowledge of their situation, when he informed the Plaintiff of the shipment of wheat, as a mean of payment. It may therefore be taken for granted, that they had notice, and had it in their power to secure themselves against loss, in case it was practicable.
 

 It appears that the Plaintiff made an effort to procure payment from
 
 Burgess
 
 in the fall of 1823, but failed in effecting it; that in that fall, or the winter following,
 
 Burgess
 
 and
 
 Jordan
 
 became insolvent.
 

 
 *412
 
 No objection was made on the trial, or evidence offered 'Kh<>w’ that an injury was sustained, either for the want of <‘ariy notice to (he guarantors, that they were looked c01, payrocnt, or that the Plaintiff had been guilty of neglect or laches in not endeavoring to procure payment from
 
 Burgess
 
 and
 
 Jordan.
 

 This case is not to be tested by principles which govern negotiable instruments, but by principles of fair dealing and common sense. If no loss was sustained for want of early notice, such notice need not be proved. If no loss was sustained by not suing
 
 Burgess
 
 as d
 
 Jordan,
 
 it was unnecessary to bring suit. This is established by the case of
 
 Warrington v. Furbor,
 
 (8
 
 East 246
 
 —Williams v.
 
 Collins,
 
 2
 
 Mur.
 
 47—1
 
 Law Repos. 580
 
 —Oxley v.
 
 Young,
 
 2
 
 Hen. Bl. 613
 
 —Peel v.
 
 Tatlock,
 
 1
 
 Bos.
 
 &.
 
 Pul.
 
 419).
 

 Tayeor, Chief-Justice.
 

 This cannot be taken as a guarantee, but as a proposition for one, inasmuch as the address was general to the mercantile world, and not specific (o any one individual
 
 ;
 
 it was therefore incumbent upon the person, who delivered goods upon the faitii of the letter, to give within reasonable time, notice to the persons making the engagement. The guarantee became liable in point of law to make, reasonable efforts to recover tlie money, and the guarantors became fjound that those exertions should prove successful. That a notice was given at some time, appears manifestly from the answer written to the Plaintiff, in relation to the letter to
 
 Muse,
 
 by the production of which, the Defendant might have shown when it was given, and the non-production of which furnishes a presumption, that in point of fact, the notice was given in due time.
 

 .The question whether due. exertion would have procured satisfaction from the debtor, was not discussed in the Court belosv, as may be inferred from the record ; the propriety therefore of granting a new trial, or of refusing it, depends on whose duty it was to bring that subject before the Court, and we think it was the duty of
 
 *413
 
 the Defendant, for clearly it was a ground of defence, that due exertion had not been made, and not the ground of a charge, that it had been made.
 

 If the Defendant can show that the debt has been lost through the. Plaintiff’s neglect, it is an answer to this action, because the. Defendant undertook fur no more.
 

 As to the. Plaintiff’s discharging one of the principal debtors, when arrested in New York, .it must be taken for granted, that no loss was sushiined by the Defendant, for he has shown none j the law does not in this case, as in negotiable instruments, require any specific, acts of diligence,but pnts the question on broad and iiheralground of reasonable exertions, and loss through the want of them. If we could collect from the case, that, these grounds of defence were offered to tiie Court, and overlooked by it, we. should be disposed for that reason, to award a new trial, but this does not appear, and we must refuse it. t
 

 Henderson, Judge, concurred with the Chief-Justice.
 

 Per Curiam. — Judgment affirmed.